IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA C. VENOYA,<br><br>        Petitioner,<br><br>  v.<br><br>SAN MATEO COUNTY PUBLIC GUARDIAN,<br><br>        Respondent.<br>_____/ | No. C 07-00337 CRB<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING HABEAS PETITION** |

      Now before the Court is petitioner's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. <u>See</u> 28 U.S.C. § 1915(a). A court is under a continuing duty, however, to dismiss a case proceeding *in forma pauperis* whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

      Shirley V. Remmert has filed this habeas corpus action on behalf of her mother, Julia C. Venoya. The San Mateo County Superior Court appointed the San Mateo County Public Guardian Ms. Venoya's conservator in late 2004. The petition for habeas corpus, signed by Shirley Remmert on her mother's behalf, challenges the conservatorship which the petition

characterizes as "illegal."  The petition must be dismissed because Ms. Remmert may not prosecute this action on her mother's behalf; instead, any such action must be brought by the court-appointed guardian.  See Fed. R. Civ. P. 17(c).

In any event, even assuming Ms. Remmert had standing to pursue claims on behalf of her mother, Ms. Remmert–as a non-attorney–may not prosecute the action on Ms. Venoya's behalf.  See Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987);  see also Mann v. Boatright, 477 F.3d 1140 (10th Cir. Feb. 15, 2007) (holding that pro se litigate could not prosecute action on behalf of father to challenge the appointment of a conservator).  It is apparent from the pleadings that Ms. Remmert is representing her mother: all pleadings and affidavits are signed by Ms. Remmert on Ms. Venoya's behalf.

Accordingly, this habeas petition is DISMISSED.  Ms. Remmert is instructed not to file any further habeas petitions on behalf of her mother.

**IT IS SO ORDERED.**

Dated: March 23, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\0337\orderdismissingpetition.wpd